Erin Rose Ronstadt, SBN 028362
Kevin Koelbel, SBN 016599
Clayton W. Richards, SBN 029054
OBER PEKAS RONSTADT
3030 N. 3rd Street, Suite 1230
Phoenix AZ 85012
Phone: (602) 277-1745
Fax: (602) 761-4443
erin@oberpekas.com
kevin@oberpekas.com
clayton@oberpekas.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joan Lee, a married woman,<br><br>                            Plaintiff,<br><br>v.<br><br>AmSurg Corporation Welfare Benefit Plan, an ERISA benefit plan; AmSurg Corporation, plan sponsor and administrator; and Life Insurance Company of North America, plan fiduciary;<br><br>                        Defendants. | No.<br><br><br>**COMPLAINT** |

    For her claims against Defendants AmSurg Corporation Welfare Benefit Plan (the "Plan"), AmSurg Corporation (the "Sponsor," "Administrator," or "AmSurg"), and Life Insurance Company of North America ("LINA"), Plaintiff Joan Lee ("Ms. Lee" or "Plaintiff") alleges as follows:

### *Jurisdiction, Venue And Parties*

    1.    This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

    2.    Ms. Lee was a participant and beneficiary of the Plan as an employee of AmSurg.

    3.    Ms. Lee is a married woman, currently residing in Maricopa County, Arizona.

    4.    Ms. Lee has been a resident of Maricopa County at all times since becoming a Plan participant.

5.     AmSurg's principal place of business is in the State of Tennessee.

6.     LINA's principal place of business is in the Commonwealth of Pennsylvania.

7.     Defendants are licensed and authorized to do business in Maricopa County, Arizona, and reside and are found within Maricopa County within the meaning of the jurisdiction and venue provisions of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8.     This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(a), 1132(e)(1), and 28 U.S.C. §§ 2201-02 (declaratory judgments).

9.     Venue is proper in this Court under ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1391(b).

10.    The Plan is a purported ERISA benefit plan established and maintained by AmSurg for the benefit of its employees.

11.    AmSurg is the Plan Sponsor of the Plan.

12.    AmSurg is the Plan Administrator of the Plan.

13.    LINA is a third-party claims administrator for the Plan.

14.    LINA is a fiduciary under the Plan.

15.    LINA fully insures long-term disability ("LTD") benefits under the Plan with a Policy, Number LK-962449 (the "LTD Policy").

16.    LINA fully insures life insurance waiver of premium ("LWOP") benefits under the Plan with a Policy, Numbers FLX-963420 and FLX-964807 (the "LWOP Policy").

17.    LINA and AmSurg have a duty to administer the Plan prudently and in the best interests of all Plan participants and beneficiaries.

18.    At the time Ms. Lee sought LTD and LWOP benefits under the Plan, LINA administered claims for AmSurg under the Plan, acted on behalf of the Plan, and acted as an agent for AmSurg.

19.    Under the provisions of the Plan, LINA is responsible for adjudicating claims for benefits under the Plan and deciding any appeals of adverse claim determinations.

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

20.     Under the provisions of the Plan, LINA's decision regarding questions of eligibility for coverage or benefits as provided in the Plan is final and binding.

21.     LINA administered claims under the name CIGNA.

### GENERAL ALLEGATIONS

*LTD Plan Language*

22.     The LTD Policy provides that to meet the definition of disability for the first 24 months of disability, Ms. Lee must, solely due to injury or sickness, be "(1) unable to perform the material duties of [her] Regular Occupation; or (2) unable to earn 80% or more of [her] Indexed Earnings from working in [her] Regular Occupation."

23.     After LTD benefits have been payable for 24 months, for LTD benefits to continue, Ms. Lee must, solely due to injury or sickness, be "(1) unable to perform the material duties of any occupation for which [she] [is], or may reasonably become, qualified based on education, training or experience; or (2) unable to earn 80% or more of [her] Indexed Earnings."

24.     The LTD Policy defines "Indexed Earnings" as follows:

> For the first 12 months Monthly Benefits are payable, your Indexed Earnings are equal to your Covered Earnings. After 12 Monthly Benefits are payable, your Indexed Earnings are your Covered Earnings plus an increase applied on each anniversary of the date Monthly Benefits became payable. The amount of each increase will be the lesser of:
>
> 1.  10% of your Indexed Earnings during the preceding year of Disability; or
>
> 2.  the rate of increase in the Consumer Price Index (CPI-W) during the preceding calendar year.

25.     The LTD Policy defines "Sickness" as "a physical or mental illness."

26.     The LTD Policy defines "Injury" as "any accidental loss or bodily harm that results directly and independently from all other causes from an Accident."

27.     The LTD Policy does not define "Accident."

28.     The LTD Plan defines Regular Occupation as "[t]he occupation you routinely perform at the time the Disability begins. In evaluating the Disability, [LINA] will consider the duties of the occupation as it is normally performed in the general labor market in the

-3-

national economy. It is not work tasks that are performed for a specific employer or at a specific location."

### LWOP Plan Language

29.   The LWOP Policy provides that to meet the definition of disability Ms. Lee, because of injury or sickness, must be "unable to perform all the material duties of any occupation for which [she] may reasonably become qualified based on education, training or experience."

### Ms. Lee's Employment

30.   Ms. Lee was a Registered Nurse in the State of Arizona.

31.   AmSurg employed Ms. Lee as a Registered Nurse beginning August 15, 2005.

32.   Ms. Lee's last date of full-time, unrestricted work was on February 16, 2015.

33.   Ms. Lee's normal work hours were 30 hours per week (5 days a week, 6 hours a day).

34.   Throughout Ms. Lee's tenure of employment at the Surgery Center, she received mostly "outstanding" or "commendable" marks on the Performance Evaluations administered by her superiors.

### Ms. Lee's Disability

35.   Ms. Lee suffers from cervical and lumbar spine degenerative disc disease, carpal tunnel syndrome, asthma, depression, and anxiety.

36.   Ms. Lee suffers from chronic, debilitating neck and back pain secondary to her medical conditions.

37.   Ms. Lee's diagnoses are substantiated by objective evidence, including diagnostic imaging and physical examination findings.

38.   Ms. Lee's symptomology is consistent with her diagnoses and medical evidence.

39.   Ms. Lee experiences cognitive difficulties secondary to her pain and medication side effects.

40.   Ms. Lee's treating providers have assessed that she cannot work.

-4-

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

*Ms. Lee's LTD and LWOP Claims*

41.     LINA denied Ms. Lee's LWOP claim on October 23, 2015 and subsequently denied LTD benefits in a letter dated December 21, 2015 (the "First LTD Denial").

42.     Ms. Lee timely appealed the First LTD Denial on June 20, 2016 (the "First Appeal").

43.     In a July 13, 2016 letter, LINA confirmed the First Appeal encompassed the LWOP denial as well.

44.     On August 5, 2016, LINA reversed its decision and approved Ms. Lee's LTD benefits beginning December 21, 2015.

45.     On August 10, 2016 LINA also approved Ms. Lee's LWOP claim

46.     By letter dated October 28, 2016, however, LINA advised Ms. Lee it would be conducting a review to determine if she remained eligible for benefits past May 21, 2017, the date the "any occupation" phase of the Policy began.

47.     In that letter, LINA stated it was requesting information from Ms. Lee's treatment providers, including Dr. Navjot Rakkar, Dr. James Milacek, Dr. Jeffrey Ronn, and Dr. Todd Hraback.

48.     LINA requested that a Disability Questionnaire attached to its letter be returned "as soon as possible."

49.     In a letter dated December 6, 2016, Ms. Lee replied to this request for information.

50.     Her reply included all of the records LINA requested, including the completed Disability Questionnaire.

51.     Ms. Lee provided to LINA evidence of her treatment, including the notes of her treating physicians and the opinions of her treating physicians regarding her functional limitations and her prognosis for returning to work.

52.     Despite LINA's receipt of this evidence, which it later acknowledged, Ms. Lee received a letter dated two days after Christmas 2016 from the Exam Coordinators

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

-5-

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

Network stating LINA requested Ms. Lee be scheduled for an Independent Medical Examination ("IME") by Brian F. McCrary, D.O.

53.     Ms. Lee attended the examination.

54.     On February 7, 2017 LINA sent Dr. McCrary's report to Ms. Lee's representative.

55.     Three days later, on February 10, 2017, LINA terminated Ms. Lee's LTD claim beyond the May 21, 2017 "Any Occupation" date (the "Second LTD Denial") and, as a result, subsequently terminated her LWOP claim on March 22, 2017 (the "Second LWOP Denial").

56.     In the Second LTD Denial, LINA acknowledged receiving the medical records from Drs. Rakkar, Milacek, Ronn, and Hrabak that Ms. Lee provided.

57.     LINA asserted, "[D]ue to the fact that the medical records did not document significant improvement, [Ms. Lee's] current functionality could not be determined."

58.     LINA thereby acknowledged it was seeking records to dispute its prior conclusion Ms. Lee is Disabled, however, the medical records Ms. Lee provided "did not document significant improvement," thus, LINA's prior conclusion that Ms. Lee is Disabled was still valid.

59.     Consequently, LINA explained it scheduled Ms. Lee's IME with Dr. McCrary.

60.     LINA fully adopted the limitations Dr. McCrary assigned and, using a "transferable skills analysis" it independently commissioned, LINA identified jobs it believed Ms. Lee could perform.

61.     Ms. Lee is informed and believes that LINA closed the claim to avoid liability into the Any Occupation period.

62.     Ms. Lee timely appealed the Second LTD Denial and Second LWOP Denial on November 17, 2017 (the "Second Appeal").

63.     Ms. Lee's Second Appeal included supplemental evidence for LINA's review.

64.     The supplemental evidence included updated treatment records and an assessment from vocational consultant Mark Kelman, Ms, CRC, CVE.

65.     Mr. Kelman reviewed Ms. Lee's employment information, correspondence between Ms. Lee and Cigna, and medical records, including functional assessments completed by Ms. Lee's treating doctors, among other documentation.

66.     Mr. Kelman concluded Ms. Lee is "competitively unemployable in any capacity."

67.     On January 9, 2018, LINA upheld both the Second LTD Denial and the Second LWOP Denial .

68.     Ms. Lee exhausted her administrative remedies and timely filed this lawsuit.

69.     Ms. Lee cannot perform the duties of Any Occupation and therefore comes within the definition of Disability under the LTD Plan.

**COUNT I**
**(Recovery of LTD Plan Benefits)**
**(Defendants LINA and the LTD Plan)**

70.     All other paragraphs are incorporated by reference.

71.     The LTD Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002.  Defendants are the LTD Plan, Plan administrators, or Plan fiduciaries of the LTD Plan under ERISA.

72.     The LTD Plan represents LTD coverage and a promise to provide LTD benefits until Ms. Lee is no longer Disabled under the terms of the LTD Plan.

73.     The LWOP Policy represents life insurance coverage and the LWOP benefit is a promise to continue that coverage if a Plan participant is Disabled.

74.     Ms. Lee continues to be Disabled. She is unable to perform the material and substantial duties of any occupation for which she is qualified by training, education, or experience and which provides 80% or more of her Indexed Earnings.

75.     Ms. Lee has claimed the benefits under the LTD Plan to which she is entitled.

76.     Considering the several work-preclusive assessments completed by her treating doctors and her vocational assessment, Ms. Lee reasonably expected that her

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ  85012
(602) 277-1745

**OBER PEKAS RONSTADT**
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

1  medical condition met the requirements of Disability as defined by the LTD Plan, and that

2  she would receive benefits under the LTD Plan until she reaches her Social Security Normal

3  Retirement Age or until she is no longer disabled.

4        77.    Despite the coverage of Ms. Lee's Disability, LINA improperly terminated

5  her LTD and LWOP benefits in breach of the LTD Plan and ERISA.

6        78.    Although the Policy states LINA has discretion to interpret the Plan, under

7  ERISA, that can only be true if the Plan reserved that discretion to the Plan Administrator,

8  the Plan terms provide a mechanism for the Plan Administrator to delegate that discretion,

9  and there is evidence that the discretion was delegated in accordance with the terms of the

10  Plan.

11        79.    On information and belief, the Plan: does not reserve discretion to the Plan

12  Administrator, does not contain terms by which discretion can be delegated, and therefore,

13  under ERISA, discretion could not be delegated to LINA.

14        80.    Even if AmSurg properly delegated discretionary authority to LINA, in light

15  of LINA's wholesale and flagrant procedural violations of ERISA, Ms. Lee should be

16  entitled to *de novo* review. *See Halo v. Yale Health Plan,* 819 F.3d 42, 60-61 (2d Cir. 2016)

17  ("when denying a claim for benefits, a plan's failure to comply with the Department of

18  Labor's claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being

19  reviewed *de novo* in federal court, unless the plan has otherwise established procedures in full

20  conformity with the regulation and can show that its failure to comply with the claims-

21  procedure regulation in the processing of a particular claim was inadvertent and harmless.")

22        81.    LINA's conduct was arbitrary, capricious, an abuse of discretion, not

23  supported by substantial evidence, and clearly erroneous.

24        82.    Instead of evaluating a participant's eligibility based on the applicable plan

25  language and medical evidence, Ms. Lee is informed and believes that LINA makes claims

26  decisions based on the claims resources and financial risk it faces on certain claims.

27

28

-8-

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

83.     LINA wrongfully denied Ms. Lee's LTD and LWOP benefits without providing a coherent explanation for its denials, and in a way that conflicts with the plain language of the LTD Plan, violating 29 U.S.C. §§ 1109, 1132.

84.     LINA did not properly consider all of the available evidence when terminating Ms. Lee's benefits.

85.     LINA failed to conduct a full and fair review.

86.     LINA blatantly misstated medical evidence for its own financial benefit, *e.g.,* it overstated and excessively relied on biased medical reviews.

87.     LINA relied on findings that constitute "clearly erroneous findings of fact" to deny Ms. Lee's benefits.

88.     LINA abused its discretion by basing its decision on unreliable and inaccurate information. When confronted with this knowledge, LINA either ignored the inaccuracies or corrected the inaccuracies and created new reasons for denial.

89.     LINA routinely emphasizes information that favors a denial of benefits while deemphasizing other information that suggests a contrary conclusion.

90.     LINA and AmSurg unreasonably withheld relevant documents throughout the entire claim and poorly managed the file, which is evidenced, in part, by its repeated failure to provide all relevant documents.

91.     LINA and AmSurg's failure to comply with ERISA's disclosure requirements and poor management of the file demonstrates its abuse of discretion and improper claims handling.

92.     LINA failed to properly consider the opinions of Ms. Lee's treating and examining physicians.

93.     In terminating Ms. Lee's LTD and LWOP benefits, LINA completely disregarded evidence that Ms. Lee's conditions had not changed or improved.

94.     LINA has no evidence that Ms. Lee's conditions changed or improved since it determined that she met the definition of Disabled in the LTD Policy.

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

95. LINA's reviewing physician never set forth any substantive reasons why Ms. Lee's treating doctors' opinions were incorrect.

96. LINA failed to explain why it credited the physician reviewers over Ms. Lee's treating physicians.

97. LINA engaged in other procedural irregularities, which it did to serve its own financial best interests.

98. On information and belief, LINA engaged in claim discussions to decide the directions of appeals without having reviewed all of the medical evidence, demonstrating its predetermined path of terminating benefits.

99. LINA intentionally gathered evidence to stack the deck in its favor and against Ms. Lee.

100. Ms. Lee alleges upon information and belief that LINA has a parsimonious claims handling history.

101. LINA failed to conduct a "meaningful dialogue" regarding Ms. Lee's claim.

102. Under the *de novo* standard of review, to be entitled to benefits, Ms. Lee need only prove by a preponderance of the evidence that she is disabled.

103. Even under the abuse of discretion standard of review, LINA abused its discretion, because its decision terminating Ms. Lee's disability benefits was arbitrary and capricious and was caused or influenced by LINA's, its reviewing physicians', and its vendors' financial conflicts of interest. These conflicts of interest precluded the full and fair review required by ERISA, 29 U.S.C. 1133(2) and 29 C.F.R. § 2560.503-1(g)(1) and (h)(2).

104. Ms. Lee is entitled to discovery regarding the effects of the procedural irregularities and structural conflict of interest that infiltrated the claims handling process and also regarding the effects of LINA's reviewing physicians', its employees', and its vendors' financial conflicts of interest, biases, and motivations on the decision terminating Ms. Lee's LTD and LWOP claims.

105. Under the *de novo* standard of review, Ms. Lee is entitled to discovery regarding, among other things, the credibility of LINA's medical reviews and LINA's lack

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

of partiality due to its financial conflicts of interest. *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (under the de novo standard of review, new evidence may be admitted regarding, among other things: "the credibility of medical experts… [and] instances where the payor and the administrator are the same entity and the court is concerned about impartiality" (*quoting Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993)).

106.   Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal law, Ms. Lee is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce her rights under the LTD Plan.

107.   Ms. Lee is entitled to reinstatement of any other employee benefits that were terminated, discontinued, or suspended as a result of the termination of her disability benefits. She is entitled to a restoration of the *status quo ante* before LTD benefits were wrongfully terminated.

108.   Pursuant to 29 U.S.C. § 1132(g), Ms. Lee is entitled to recover her attorneys' fees and costs incurred herein from LINA.

109.   Ms. Lee is entitled to prejudgment interest on the benefits to which he is entitled and on his damages at the highest legal rate until paid.

**WHEREFORE**, on all claims, Ms. Lee prays for entry of judgment against Defendants as set forth in this Complaint, which includes:

A.   All past LTD and LWOP benefits under the terms of the Plan;

B.   Clarifying and determining Ms. Lee's rights to future benefits under the terms of the Plan or LWOP Policy;

C.   For any other benefits Ms. Lee may be entitled to receive under the Plan due to her disability;

D.   An award of Ms. Lee's attorneys' fees and costs incurred herein;

E.   An award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F.   For such and further relief as the Court deems just, equitable, and reasonable.

1

2      Dated this 3rd day of May, 2018.

3

4                              OBER PEKAS RONSTADT

5                              By: *s/ Erin Rose Ronstadt*
                                   Erin Rose Ronstadt
6                                  Kevin Koelbel
                                   Clayton W. Richards
7                                  Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OBER PEKAS RONSTADT**
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745